IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL KEITH WALLS, #171588**                                           **PETITIONER**

**v.**                                           **CIVIL ACTION NO. 1:21-cv-149-TBM-RPM**

**JACKSON COUNTY ADC**
*and* **VITAL CORE,** *Medical Staff*
*at Jackson County ADC*                                           **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. Pro se Petitioner Michael Keith Walls ("Walls") filed his action pursuant to 42 U.S.C. § 1983 on May 3, 2021, while he was incarcerated in the Jackson County Adult Detention Center. [1], pgs. 1-3. On January 10, 2022, the Magistrate Judge entered an Order [14] directing Walls to provide additional information concerning his allegations and to name additional Defendants. [14], pg. 3. Walls was warned that failure to comply with that Order [14] could lead to the dismissal of this civil action. *Id*. at pg. 4. The envelope containing the Order [14] was returned by the postal service stating, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [16], pg. 1. The envelope also had a note reading, "No longer at this facility, UTF." *Id*. Walls did not file the required response or otherwise respond to the Order [14].

On February 11, 2022, the Magistrate Judge entered an Order to Show Cause [17] which required that, on or before March 7, 2022, Walls: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [14]; and (2) comply with the Court's previous Order [14] by filing a written response. [17] at 1-2. Walls was warned that "failure to advise the Court of a change of address or failure to timely comply with

any order of the Court . . . may result in the dismissal of this civil action or the dismissal of Defendant." *Id*. pg. 2. The envelope containing the Order to Show Cause [17] was returned by the postal service stating, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [18], pg. 1. The envelope also had a notation reading, "No longer here." *Id*. Walls did not respond to the Order to Show Cause [17] or otherwise contact the Court about this case.

Walls was provided a final opportunity to comply with the Court's Orders [17], [14]. On March 14, 2022, the Court entered a Second and Final Order to Show Cause [19] directing Walls to respond on or before April 5, 2022 and (1) explain why the Court should not be dismiss the instant civil action; and (2) to comply with the previous Orders [17], [14] by filing the required response. [19], pgs. 2-3. Walls was again warned that "failure to timely comply with the Order of the Court or failure to advise the Court of a change of address . . . may result in the dismissal of this civil action or the dismissal of Defendant." *Id*. at 3. The envelope [20] containing the Second and Final Order to Show Cause [19] was returned by the postal service stating, "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and "Return to Sender, No Longer at this Facility, Unable to Forward." [20], pg. 1. Walls did not respond to the Second and Final Order to Show Cause [19] or otherwise contact the Court about his case, and Walls has not taken any action in the case since September 22, 2021.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). To achieve the orderly and expeditious disposition of cases, the Court must be able to clear its calendar of cases that remain dormant

because of the inaction or dilatoriness of the parties seeking relief. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Walls did not comply with the Court's Orders, and he was warned that failure to do so would result in the dismissal of his case. [19], pg. 3; [17], pg. 2; [14], pg. 3; [1-2], pg. 1. Because he had provided the Court with a change of address on August 17, 2021, and previously on July 22, 2021, the Court finds that Walls was aware of his responsibility to advise the Court of a change of address. *See* [11], pg. 1; [10], pg. 1. Walls has not provided the Court with a current address, he has not complied with the Court's Orders [19], [17], [14], nor has he otherwise contacted the Court since September 22, 2021. Such inaction represents a clear record of delay or contumacious conduct by Walls. And the Court's continuous efforts to prompt "diligent prosecution" in this action have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Because the Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Court's Orders. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 26th day of April, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE