IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL KEITH WALLS                                                                 PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:21-cv-149-TBM-RPM

JACKSON COUNTY *ADC*
*and* VITAL CORE, *Medical Staff*
*at Jackson County ADC*                                                         DEFENDANTS

**ORDER CONSTRUING PLAINTIFF'S LETTER RESPONSE [24]
AS A MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND DENYING
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [24]**

This matter is before the Court on Plaintiff's letter docketed as a Letter Response [24] to the Court's Memorandum Opinion and Order of Dismissal [21] and Final Judgment [22]. The Court liberally construes Plaintiff's Letter Response [24] to seek reconsideration of the Final Judgment [22] entered on April 26, 2022, which dismissed this Section 1983 civil action for Plaintiff's failure to prosecute. For the reasons discussed below, Plaintiff's Motion [24] should be denied.

On May 3, 2021, Plaintiff filed this *pro se* Complaint [1] under 42 U.S.C. § 1983, claiming that his constitutional rights were violated while housed at the Jackson County Detention Center. The Court had warned Plaintiff that failure to provide a change of address could result in the dismissal of this civil action. *See* [3] at 2; [1-2] at 1. The envelopes containing the Order [3] entered on May 4, 2021, and Notice of Assignment [1-2] of May 3, 2021, were not returned as undeliverable. The record reflects that Plaintiff filed a change of address on June 9, 2021, July 22, 2021, and August 17, 2021. [11] at 1; [10] at 1; [9] at 1. The Court then entered an Order [14] directing Plaintiff to file a response providing additional information concerning his claims on

January 10, 2022. Plaintiff failed to comply with this Order [14] and with two subsequent Show Cause Orders [17, 19], and failed to provide the Court with a change of address resulting in the dismissal of this case on April 26, 2022, for Plaintiff's failure to prosecute. *See* [21]; [22].

On September 8, 2023, Plaintiff filed this Letter Response [24]. The filings of a *pro se* litigant "are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F. 3d 420, 426 (5th Cir. 2011) (citations omitted). "It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature" of the filing. *Id*. at 426-27; *see also Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (agreeing with the district court construing a motion to amend a complaint as a motion for leave to intervene in a legal malpractice suit removed to federal court); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label' ") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co*., 320 F.2d 594, 606 (5th Cir. 1963)). Because Plaintiff's Letter Response [24] was filed more than sixteen months after entry of the Final Judgment, it will be construed as a Motion filed under Federal Rule of Civil Procedure 60(b).

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). After liberal review of Plaintiff's Motion, the Court finds that, at best, Plaintiff is seeking relief under clause (1) for mistake, inadvertence, surprise or excusable neglect or under clause (6) for any other

reason that justifies relief.

Notably, a motion made under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or other order." FED. R. CIV. P. 60(c). Meaning, Plaintiff should have filed the instant Motion for an alleged "mistake" no later than April 26, 2023, for it to be timely under Rule 60. Because his Motion was filed over four months late, it must be dismissed as time barred. Even if his Motion was timely, however, it nevertheless fails on the merits. In addressing clause (1) and clause (6) of Rule 60(b), the Fifth Circuit has explained that:

> Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.' . . . The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest.

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citations omitted). Furthermore, "[a] motion filed pursuant to Rule 60(b)(6) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner*, 308 F. App'x 817, 818 (5th Cir. 2009) (citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).

As explanation for his lack of compliance with the Court's Orders and his lengthy delay in contacting the Court, Plaintiff states that he "thought that it would be time consuming" and would take years. [24] at 1. Plaintiff also states that he did not receive "anything pertaining to my case at the facilities," but goes on to state that it would sometimes "take a couple of months" to receive mail while he was housed at Central Mississippi Correctional Facility (CMCF). The Court recognizes that an incarcerated individual faces challenges in pursuing a case but those circumstances, along with Plaintiff previously providing a change of address as directed by the

3

Court's Order [3] and Notice of Assignment [1-2], were considered when Plaintiff was allowed over three months to comply with the Orders of the Court before the dismissal of this case. Plaintiff's explanation (which is provided in his first contact with the Court in over sixteen months) does not present "unique circumstances" warranting relief under Rule 60(b). *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (citation omitted).

After thorough consideration of the Motion [24] submitted and relevant case law, the Court concludes that Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b). The Court notes that neither this ruling nor the previous dismissal of this case prevent Plaintiff from filing a *new* conditions-of-confinement complaint relating to his claims while housed at Jackson County Adult Detention Center. Accordingly, it is hereby,

**ORDERED** that Plaintiff's Letter/Response [24] is construed as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment pursuant to Rule 60(b) [24] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail Plaintiff a packet of complaint forms used by prisoners to file a civil action pursuant to 42 US.C. § 1983 along with an application to proceed *in forma pauperis* in the event Plaintiff wishes to file a new conditions-of-confinement complaint pursuant to 42 U.S.C. § 1983.

**SO ORDERED**, this the 22nd day of November, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE